IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, *ex rel.* | : | CASE NO.: |
| MICHAEL DeWINE, | : | |
| OHIO ATTORNEY GENERAL | : | |
| Environmental Enforcement Section | : | JUDGE: |
| 30 E. Broad Street, 25th Floor | : | |
| Columbus, Ohio 43215, | : | |
| | : | **COMPLAINT FOR** |
| Plaintiff, | : | **NATURAL RESOURCE** |
| | : | **DAMAGES** |
| v. | : | |
| | : | |
| | : | |
| CABOT CORPORATION | : | |
| c/o Corporation Trust Company | : | |
| 1209 Orange Street | : | |
| Wilmington, Delaware 19801 | : | |
| | : | |
| CBS OPERATIONS, INC. | : | |
| c/o Prentice-Hall Corporation System, Inc. | : | |
| 2711 Centerville Road | : | |
| Wilmington, Delaware 19808 | : | |
| | : | |
| THE CLEVELAND ELECTRIC | : | |
| ILLUMINATING COMPANY | : | |
| c/o CT Corporation System | : | |
| 1300 E. 9th Street | : | |
| Cleveland, Ohio 44114 | : | |
| | : | |
| DETREX CORPORATION | : | |
| c/o Robert M Currie | : | |
| 24901 Northwestern Highway, Suite 410 | : | |
| Southfield, Michigan 48075 | : | |
| | : | |
| ELKEM METALS COMPANY L.P. | : | |
| Park West Office Center | : | |
| 400 Rouser Road | : | |
| Pittsburgh, Pennsylvania 15108 | : | |
| | : | |
| GENCORP INC. | : | |
| c/o CT Corporation System | : | |
| 1300 E. 9th Street | : | |
| Cleveland, Ohio 44114 | : | |

MALLINCKRODT LLC                                          :
c/o Corporation Trust Company                            :
1209 Orange Street                                       :
Wilmington, Delaware 19801                               :
                                                         :
MILLENIUM INORGANIC CHEMICALS, INC.                      :
c/o Corporation Trust Company                            :
1209 Orange Street                                       :
Wilmington, Delaware 19801                               :
                                                         :
OCCIDENTAL CHEMICAL CORPORATION                          :
c/o CT Corporation System                                :
111 Eighth Avenue                                        :
New York, New York 10011                                 :
                                                         :
OHIO POWER COMPANY                                       :
c/o David A Laing                                        :
1 Riverside Plaza                                        :
Columbus, Ohio 43215                                     :
                                                         :
OLIN CORPORATION                                         :
c/o CT Corporation System                                :
4701 Cox Road, Suite 310                                 :
Glen Allen, Virginia 23060                               :
                                                         :
RMI TITANIUM COMPANY, INC.                               :
c/o CSC – Lawyers Incorporating Service                  :
50 W. Broad Street, Suite 1800                           :
Columbus, Ohio 43215                                     :
                                                         :
THE SHERWIN-WILLIAMS COMPANY                             :
c/o Corporation Service Company                          :
2711 Centerville Road, Suite 400                         :
Wilmington, Delaware 19808                               :
                                                         :
UNION CARBIDE CORPORATION                                :
c/o Corporation Trust Company                            :
1209 Orange Street                                       :
Wilmington, Delaware 19801                               :
                                                         :
CONSOLIDATED RAIL CORPORATION                            :
1000 Howard Blvd.                                        :
Mt. Laurel, New Jersey 08954                             :

CONRAIL INC.                                            :
2001 Market Street, 16A                                :
Philadelphia, Pennsylvania 19101                       :
                                                       :
NORFOLK SOUTHERN CORPORATION                           :
c/o Roger A. Petersen                                  :
Three Commercial Place                                 :
Norfolk, Virginia 23510                                :
                                                       :
NORFOLK SOUTHERN RAILWAY COMPANY                       :
c/o Roger A. Petersen                                  :
Three Commercial Place                                 :
Norfolk, Virginia 23510                                :
                                                       :
UNITED STATES DEPARTMENT OF ENERGY                     :
1000 Independence Avenue S.W.                          :
Washington, DC 20585                                   :
                                                       :
UNITED STATES GENERAL SERVICES                         :
ADMINISTRATION                                         :
1800 F Street N.W.                                     :
Washington, DC 20405                                   :
                                                       :
UNITED STATES MARITIME ADMINISTRATION                  :
U.S. Department of Transportation, West Building       :
1200 New Jersey Avenue S.E.                            :
Washington, DC 20590                                   :
                                                       :
and                                                    :
                                                       :
UNITED STATES DEPARTMENT OF THE NAVY                   :
2000 Navy Pentagon                                     :
Washington, DC 20350-2000                              :
                                                       :
                              Defendants.              :

## NATURE OF THE ACTION

    1.    This is a civil action, brought by the State of Ohio on relation of its Attorney

General and at the request of the Director of the Ohio Environmental Protection Agency,

pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607, and Section 311 of the Federal Water Pollution Control Act, as amended, 33 U.S.C. § 1321, commonly known as the Clean Water Act ("CWA"), and the common law public trust doctrine, seeking damages for injury to, destruction of, or loss of natural resources belonging to, managed by, held in trust by, controlled by, or appertaining to the State of Ohio, resulting from releases of hazardous substances into, or which have migrated into, the Ashtabula River in Ashtabula County, Ohio, including the costs of assessing such injury, destruction, or loss.

## JURISDICTION

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question), 42 U.S.C. § 9613(b) (CERCLA), and 33 U.S.C. §1321(f) (CWA). The Court has jurisdiction over the State's claims under Ohio law pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

## VENUE

3.     Venue is proper in this Court pursuant to 42 U.S.C. §9613(b) and 28 U.S.C. §1391(b) because the releases of hazardous substances and the resulting injuries, which are the subject of this action, occurred in this judicial district.

## PARTIES

### A.     The Plaintiff and the Plaintiff's Relator

4.     Plaintiff is the State of Ohio, which holds all natural resources, including the air, lands, and waters located within its political boundaries, in trust for the benefit of its citizens. The State is responsible for the health, safety and welfare of the citizens of Ohio. As trustee of

the natural resources located within its boundaries, the State owes a fiduciary duty to its citizens to protect and preserve its natural resources.  As trustee of these natural resources, the State has been injured by the releases of hazardous substances into the Ashtabula River.

5.      Plaintiff's relator is Michael DeWine, Attorney General of Ohio.  By virtue of his office, Attorney General Michael DeWine is the chief legal officer of the State of Ohio. Plaintiff's relator initiates this action on behalf of the State of Ohio and at the request of the Director of Environmental Protection of the State of Ohio, who is charged under Ohio law with the responsibility to protect the air, lands and waters located within the State's boundaries from pollution, degradation and contamination, and has been designated by the Governor of Ohio as the Trustee for natural resources of the State.

**B.      The Defendants**

6.      Defendant Cabot Corporation ("Cabot") is a Delaware corporation, headquartered in Boston, Massachusetts.  From approximately 1964 to 1985, Cabot owned an industrial facility that included a titanium dioxide plant ("$TiO_2$ Plant") located at 2426 Middle Road in Ashtabula. Cabot operated the Ashtabula $TiO_2$ Plant from 1964 until 1972, when it leased the $TiO_2$ Plant to Gulf & Western Industries, Inc., a predecessor of CBS Operations, Inc.  From approximately 1963 to 1975, Cabot also owned an industrial facility that included a titanium tetrachloride plant ("$TiCl_4$ Plant") located at 1704 State Road in Ashtabula.  Cabot operated the Ashtabula $TiCl_4$ Plant from approximately 1963 until 1972, when it leased the $TiCl_4$ Plant to Gulf & Western Industries, Inc., a predecessor of CBS Operations, Inc.  During the time Cabot owned or operated its Ashtabula $TiO_2$ and $TiCl_4$ Plants, hazardous substances, including polychlorinated biphenyls ("PCBs"), were disposed at those facilities and released into the environment.  Hazardous

5

substances released from those facilities entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

7.     Defendant CBS Operations Inc. is a Delaware corporation, headquartered in New York City, New York.  CBS Operations Inc. is a successor to liabilities of Gulf & Western Industries, Inc. ("Gulf & Western"), a Delaware Corporation, as a result of numerous corporate mergers and name changes involving CBS Corporation, Viacom Inc., Paramount Communications Inc., and Gulf + Western Inc.  From 1972 to 1975, Gulf & Western operated the $TiCl_4$ Plant located at 1704 State Road in Ashtabula pursuant to a lease with Cabot.  In 1975, Gulf & Western acquired ownership of the Ashtabula $TiCl_4$ Plant and continued to own and operate the $TiCl_4$ Plant until 1983.  From 1973 to 1984, Gulf & Western also operated the $TiO_2$ Plant located at 2426 Middle Road in Ashtabula pursuant to a lease with Cabot.  During the time Gulf & Western Industries, Inc. owned and/or operated the $TiCl_4$ Plant and the $TiO_2$ Plant, hazardous substances, including polychlorinated biphenyls ("PCBs"), were disposed at those facilities and released into the environment.  Hazardous substances released at those facilities entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

8.     Defendant, The Cleveland Electric Illuminating Company ("CEI"), is an Ohio corporation, headquartered in Akron, Ohio.  At various times from 1943 until at least September 2011, CEI owned and operated various facilities within Ashtabula, and CEI maintained a coal pile on a portion of its facilities located within the northern portion of the Fields Brook watershed.  During the time that CEI owned and operated a facility within the Fields Brook watershed, hazardous substances, including heavy metals from coal pile runoff, were disposed

6

there and released into the environment.  In addition, on numerous occasions between 1973 and 1993, CEI by contract, agreement or otherwise, arranged for disposal of hazardous substances, or arranged with a transporter to transport for disposal hazardous substances, including PCBs contained in scrap electrical equipment, including transformers.  Hazardous substances, including PCBs, from CEI's scrap electrical equipment were disposed at a facility operated by Acme Scrap Iron and Metal Company and located near the intersection of State Road and Middle Road, 1900 to 2098 State Road in Ashtabula, and released into the environment.  Hazardous substances, including PCBs, released into the environment at and from the Acme Scrap Iron and Metal Company facility entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

9.     Defendant Detrex Corporation ("Detrex") is a Michigan corporation, headquartered in Southfield, Michigan.  At various times, Detrex has owned and operated industrial facilities in Ashtabula.  From approximately 1950until at least September 2011, Detrex owned and operated an industrial facility located at 1100 State Road in Ashtabula.  During the time that Detrex owned the facility located at 1100 State Road, hazardous substances, including hexachlorobenzene ("HCB"), 1,1,2,2-tetrachloroethane, PCBs (Aroclors 1242, 1248, 1254, and 1260), arsenic, tetrachloroethene ("PCE"), trichloroethene ("TCE"), vinyl chloride, furan, monomethyl amine, n-methyl pyrrole, pyrrole, ammonia,  hexachlorobutadiene ("HCBD") crystals, heptachlor, and trichloroethane ("TCA") were disposed at the facility and released into the environment.  At various times from 1963 to 1978, Detrex also owned and/or operated industrial facilities, including a chlor-alkali plant and a fine chemicals plant, located at 3509 Middle Road in Ashtabula.  Detrex operated the Ashtabula chlor-alkali plant between 1963 and

7

1974, and Detrex operated the Ashtabula fine chemicals plant between 1969 and 1978. Detrex acquired the chlor-alkali and fine chemicals plants located at 3509 Middle Road in 1974. Later that same year, Detrex sold the chlor-alkali and fine chemicals plants to Sobin Chemicals, Inc., a predecessor of Mallinckrodt LLC, and Detrex leased back the fine chemicals plant, which it continued to operate until 1978. During the time that Detrex Corporation owned or operated the Ashtabula chlor-alkali and fine chemicals plants, hazardous substances, including benzo(a)pyrene, 1,1,2,2-tetracholoethane, arsenic, vinyl chloride, mercury and mercury-contaminated sludges, antimony, arsenic, beryllium, cadmium, chromium, copper, lead, nickel, zinc, bromodichloromethane, bromoform, carbon tetrachloride, chloroform, dichlorodifluoromethane, 1,1-dischloroethene, 1,2-dichloroethene, methylene chloride, PCE, toluene, bis(2-ethylhexyl)phthalate, di-n-butylphthalate, phenanthrene, and phenolic compounds, were disposed at those facilities and released into the environment. Hazardous substances released into the environment from Detrex facilities at 1100 State Road and 3509 Middle Road entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

10.     Defendant Elkem Metals Company L.P. ("Elkem") is a Pennsylvania corporation, headquartered in Pittsburgh, Pennsylvania. From approximately 1981 until at least September 2011, Elkem owned and operated an industrial facility located at 2700 Lake Road in Ashtabula. During the time Elkem owned and operated the facility located at 2700 Lake Road, hazardous substances, including chromium, were disposed at the facility and released into the environment. Hazardous substances released into the environment from Elkem's facility at 2700 Lake Road

entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

11.     Defendant GenCorp Inc. ("GenCorp"), formerly known as General Tire & Rubber Co., is an Ohio corporation, headquartered in Rancho Cordova, California. From approximately 1954 to 1985, GenCorp owned and operated an industrial facility, now known as 2425 Middle Road, in Ashtabula. During the time GenCorp owned and operated that facility, hazardous substances, including TCE and vinyl chloride, were disposed there and released into the environment. From approximately 1963 to 1973, GenCorp also owned and operated another industrial facility located on the north side of Middle Road, near 2555 Middle Road, in Ashtabula, which it operated as part of a joint venture with Olin Corporation. During the time GenCorp owned and operated the facility near 2555 Middle Road, hazardous substances, including toluene di-isocyanate ("TDI"), toluene diamine ("TDA"), and monochlorobenzene ("MCB"), were disposed at the facility and released into the environment. Hazardous substances released into the environment from the facility at 2425 Middle Road and from the facility near 2555 Middle Road entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

12.     Defendant Mallinckrodt LLC is a Delaware limited liability company, headquartered in Hazelwood, Missouri. Mallinckrodt LLC is a successor to, or otherwise assumed certain liabilities of, Mallinckrodt Inc. (formerly known at various times as Mallinckrodt Group Inc., IMCERA Group Inc., and International Minerals & Chemical Corporation ("IMC")) including liabilities arising from ownership and/or operation of industrial facilities located at 3509 Middle Road in Ashtabula at various times from 1974 to at least 1982.

9

As a result of a corporate merger with Sobin Chemicals, Inc. in 1975, IMC became the owner of the chlor-alkali plant and the fine chemicals plant located at 3509 Middle Road.  Following the merger, IMC operated the chlor-alkali plant until at least 1982, while Detrex Corporation continued to operate the fine chemicals plant (pursuant to a lease with IMC's predecessor) until 1978, when the fine chemicals plant was decommissioned.  As a result of the 1975 merger, IMC also succeeded to the liabilities of Sobin Chemicals, Inc., which owned both the chlor-alkali plant and the fine chemicals plant after acquiring them from Detrex Corporation in 1974, and which operated the chlor-alkali prior to the merger with IMC.  During the time that Sobin Chemicals, Inc. or IMC owned or operated the fine chemicals plant and the chlor-alkali plant at 3509 Middle Road, hazardous substances, including hydrochloric acid and mercury, were disposed there and released into the environment.  Hazardous substances released at and from the chlor-alkali plant and the fine chemicals plant at 3509 Middle Road entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

13.     Defendant Millennium Inorganic Chemicals Inc. ("Millennium"), formerly known as SCM Chemicals Inc., is a Delaware corporation, headquartered in Hunt Valley, Maryland. From 1974 until at least September 2011, Millennium owned an industrial facility, formerly known as SCM Plant No. 1, located at 3300 Middle Road in Ashtabula.  Millennium operated that facility from at least 1975 until at least 1988.  Since 1985, Millennium has also owned the $TiO_2$ Plant located at 2426 Middle Road in Ashtabula, which it operated until 1995.  In addition, since 1983, Millennium has owned the $TiCl_4$ Plant located at 1704 State Road in Ashtabula, which it operated until 1991.  During the time that Millennium owned and operated the facilities referred to in this paragraph, hazardous substances, including PCBs, arsenic, benzo(a)pyrene,

10

HCB, PCE, TCE, and vinyl chloride, were disposed at these facilities and released into the environment. Hazardous substances released into the environment from these facilities entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

14.　　　Defendant Occidental Chemical Corporation ("Occidental") is a New York corporation, headquartered in Dallas, Texas. As a result of a merger in 1987, Occidental succeeded to the assets and liabilities of Occidental Electrochemicals Company (formerly known at various times as Diamond Shamrock Chemicals Company, Diamond Chemicals Company, Diamond Shamrock Corporation, and Diamond Alkali Company). From 1962 until at least 1994, Occidental or its predecessors owned and operated a chemical plant located at 725 State Road in Ashtabula. During the time that Occidental and its predecessors owned and operated its Ashtabula chemical plant, hazardous substances, including hexavalent chromium, were disposed at that facility and released into the environment. From 1950 to 1956, Occidental Chemical Corporation, then known as Hooker Electrochemical Company, operated jointly with Detrex Corporation an industrial facility located at 1100 State Road in Ashtabula. During the time that Occidental operated the facility at 1100 State Road, hazardous substances, including HCB, 1,1,2,2-tetrachloroethane, PCBs, arsenic, PCE, TCE, vinyl chloride, furan, monomethyl amine, n-methyl pyrrole ("N-M-P"), pyrrole, ammonia, HCBD crystals, heptachlor, and TCA, were disposed at the facility and released into the environment. Hazardous substances released into the environment from the facilities referred to in this paragraph entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

15.　　　Defendant Ohio Power Company is an Ohio corporation, headquartered in Columbus, Ohio. From at least 1979 to 1987, Ohio Power Company by contract, agreement or

otherwise, arranged for disposal of hazardous substances, or arranged with a transporter to transport for disposal hazardous substances, including PCBs contained in scrap electrical equipment, including transformers. Hazardous substances, including PCBs from Ohio Power Company's scrap electrical equipment, were disposed at a facility operated by Acme Scrap Iron and Metal Company, located at the intersection of State Road and Middle Road, 1900 to 2098 State Road, in Ashtabula, and released into the environment. Hazardous substances, including PCBs, released into the environment at the Acme Scrap Iron and Metal Company facility entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

16.     Defendant Olin Corporation ("Olin") is a Virginia corporation, headquartered in Clayton, Missouri. From approximately 1963 to 1973, Olin operated, as part of a joint venture with GenCorp, Inc., an industrial facility, located on the north side of Middle Road, near 2555 Middle Road, in Ashtabula. In 1973, Olin acquired that facility from GenCorp, Inc. and continued to operate it until 1985. During the time that Olin owned or operated the facility near 2555 Middle Road, hazardous substances, including toluene di-isocyanate ("TDI"), toluene diamine ("TDA"), and monochlorobenzene ("MCB"), were disposed at the facility and released into the environment. Hazardous substances released into the environment from the facility near 2555 Middle Road entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

17.     Defendant RMI Titanium Company, Inc. ("RMI") is an Ohio corporation, headquartered in Niles, Ohio. At various times between 1948 and 1992, RMI owned and operated several industrial facilities in Ashtabula, including an extrusion plant located at 1601 East 21st Street, a metals reduction facility located at 1800 East 21st Street, a sodium plant located

at 600 State Road, and the TiCl$_4$ Plant located at 1704 State Road. RMI owned the Ashtabula extrusion plant from at least 1957 to 1987 and operated that plant from 1968 to 1984. During the time RMI owned or operated the extrusion plant, hazardous substances, including methylene chloride, TCE, PCE, barium, lead, and low-level radioactive materials, were disposed at that facility and released into the environment. From 1956 to 1992, RMI owned and operated the Ashtabula metals reduction facility. During the time that RMI owned and operated its Ashtabula metals reduction facility, hazardous substances, including reactive sodium, metals, titanium dioxide, and titanium fines, PCBs, and mercury were disposed at the facility and released into the environment. From 1948 to 1992, RMI owned and operated the Ashtabula sodium plant. During the time that RMI owned and operated its Ashtabula sodium plant, hazardous substances, including barium, cadmium, lead, nickel, zinc, arsenic, chromium, and various chlorinated organics, including TCA, TCE, and PCE, were disposed at that facility and released into the environment. From 1958 to 1963, RMI owned and operated the TiCl$_4$ Plant. During the time that RMI owned and operated the TiCl$_4$ Plant, hazardous substances, including PCBs, were disposed at that facility and released into the environment. Hazardous substances released into the environment at the extrusion plant, metals reduction facility, sodium plant, and TiCl$_4$ Plant entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

18.     Defendant The Sherwin-Williams Company ("Sherwin-Williams") is a Delaware corporation, headquartered in Cleveland, Ohio. From at least 1968 until 1974, Sherwin-Williams owned and operated an industrial facility located at 3300 Middle Road in Ashtabula. During the time that Sherwin-Williams owned and operated the facility at 3300 Middle Road, hazardous

substances, including arsenic and polynuclear aromatic hydrocarbons ("PAHs"), were disposed at

that facility and released into the environment.  Hazardous substances released into the

environment from the facility at 3300 Middle Road entered Fields Brook, which in turn

discharged released hazardous substances into the Ashtabula River.

19.     Defendant Union Carbide Corporation ("Union Carbide") is a Delaware

corporation, headquartered in Houston, Texas.  From 1942 to 1981, Union Carbide owned or

operated several industrial facilities in Ashtabula, including a calcium carbide plant located at the

intersection of Middle Road and State Road, a Metals Division facility located at 2700 Lake

Road, a wire plant located at 3325 Middle Road, and an industrial facility located at 3509 Middle

Road.  Union Carbide operated the Ashtabula calcium carbide plant from 1951 to 1952.  During

the time that Union Carbide operated the Ashtabula calcium carbide plant, hazardous substances,

including PCBs, PAHs, arsenic and cyanide, were disposed at that plant, and released into the

environment.  Union Carbide operated its Ashtabula Metals Division facility from 1942 to 1981,

and Union Carbide owned that facility from 1947 to 1981.  During the time that Union Carbide

owned or operated the Metals Division facility, hazardous substances, including arsenic and

chromium, were disposed at that facility and released into the environment.  From 1963 to 1985,

Union Carbide owned and operated its Ashtabula wire plant.  During the time that Union Carbide

owned and operated its Ashtabula wire plant, hazardous substances, including cadmium,

chromium, nickel, cyanide, and lead, were disposed at that plant and released into the

environment.  Union Carbide also owned an industrial facility located at 3509 Middle Road,

which it leased to Detrex Corporation from 1962 to 1974.  At the time that Union Carbide owned

the facility at 3509 Middle Road, hazardous substances, including benzo(a)pyrene, 1,1,2,2-

14

tetracholoethane, arsenic, vinyl chloride, mercury, mercury-contaminated sludges, antimony, arsenic, beryllium, cadmium, chromium, copper, lead, nickel, zinc, bromodichloromethane, bromoform, carbon tetrachloride, chloroform, dichlorodifluoromethane, 1,1-dichloroethene, 1,2-dichloroethene, methylene chloride, PCE, toluene, bis(2-ethylhexyl)phthalate, di-n-butylphthalate, and phenanthrene, were disposed at that facility and released into the environment.  Hazardous substances released into the environment at each of the facilities referred to in this paragraph entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

20.     Defendant Consolidated Rail Corporation ("CRC"), a wholly-owned subsidiary of Conrail, Inc., is a Pennsylvania corporation, headquartered in Philadelphia, Pennsylvania. CRC was formed in 1976 to acquire assets of certain railroad companies pursuant to the Regional Rail Reorganization Act of 1973.  In approximately March of 1976, CRC acquired and thereafter operated a number of railroad facilities and properties in Ashtabula, including:  (a) an approximately 5 acre tract along the east bank of the Ashtabula River bordered on the north by East 6th Street, referred to herein as the "5 ½ Slip Parcel"; (b) an approximately 55 acre property adjacent to the east bank of the Ashtabula River and bordered by Lake Erie on the north, referred to herein at the "East Parcel"; and (c) multiple tracts of property located adjacent to the west bank of the Ashtabula River and generally bordered on the south by the 5th Street Bridge and on the north by Lake Erie, referred to herein as the "West Parcel".  In February 2000, ownership of both the 5½ Slip Parcel and a portion of the West Parcel located generally between Lake Erie and Walnut Boulevard was transferred to Pennsylvania Lines LLC, which assumed liabilities, including environmental liabilities, relating to those properties.  The East Parcel and the

15

remaining portion of the West Parcel were acquired by entities unrelated to Defendants in 1986 and 1994, respectively. During the period CRC owned and operated the 5½ Slip Parcel, hazardous substances, including PCBs, naphthalene, benzo(a)pyrene and asbestos, were disposed there and released into the environment. During the time that CRC owned and operated the East and West Parcels, hazardous substances, including PAHs, were disposed there and released into the environment. Hazardous substances released into the environment from CRC's facilities entered the Ashtabula River. In addition, on numerous occasions, diesel fuel from CRC's Ashtabula facilities was discharged into the Ashtabula River.

21. Defendant Conrail, Inc. is a Pennsylvania corporation, headquartered in Philadelphia Pennsylvania. Conrail, Inc. assumed or otherwise succeeded to certain liabilities of CRC, including liabilities under CERCLA arising from the disposal and release of hazardous substances during the period CRC owned or operated the 5½ Slip Parcel, East Parcel and West Parcel, and liabilities under the CWA arising from discharges of hazardous substances into the Ashtabula River during the same period.

22. Defendant Norfolk Southern Railway Company, a wholly-owned subsidiary of Norfolk Southern Corporation, is a Virginia corporation, headquartered in Norfolk, Virginia. Between 1999 and 2004, Norfolk Southern Railway Company and/or Norfolk Southern Corporation controlled the management of Pennsylvania Lines LLC, through an exclusive power to appoint the officers of Pennsylvania Lines, LLC, and became a beneficial owner and operator of assets held by Pennsylvania Lines, LLC, through a transaction that obligated CRC to follow Norfolk Southern's directions with respect to management and operation of the assets of Pennsylvania Lines, LLC, including the 5½ Slip Parcel and portions of the West Parcel north of

16

Walnut Boulevard. As a result of a merger with Pennsylvania Lines, LLC in 2004, Norfolk Southern Railway Company acquired the 5½ Slip Parcel and the portion of the West Parcel located between Walnut Boulevard and Lake Erie and succeeded to the liabilities of Pennsylvania Lines LLC, including environmental liabilities relating to those properties.

23.     Defendant Norfolk Southern Corporation is a Virginia Corporation headquartered in Norfolk, Virginia. Through a 1998 transaction that provided for a division of assets of Conrail, Inc. and its subsidiaries between Norfolk Southern Corporation, CSX Corporation, and their subsidiaries, Norfolk Southern Corporation succeeded to or otherwise became responsible for certain liabilities of Conrail, Inc. and CRC, including environmental liabilities arising from the disposal and release of hazardous substances from the 5½ Slip Parcel, the East Parcel and the West Parcel, as well as liabilities resulting from the discharge of oil or hazardous substances from such properties to the Ashtabula River.

24.     Defendant United States Department of Energy ("DOE") is a federal governmental entity operating under the laws of the United States of America, with its principal location at 1000 Independence Avenue S.W., in Washington, D.C. From 1962 to 1988, DOE contracted with RMI to produce uranium extrusions at RMI's extrusion plant located at 1601 East 21st Street, in Ashtabula; these extrusions were then sent to DOE's Fernald, Ohio facility for use in connection with DOE's nuclear weapons program. RMI used a DOE-owned press and other DOE-owned equipment at RMI's extrusion plant to produce the uranium extrusions. Hazardous substances released into the environment at the extrusion plant entered Fields Brook, which in turn discharged released hazardous substances into the Ashtabula River.

25.     Defendant United States General Services Administration ("GSA") is a federal

17

governmental entity operating under the laws of the United States of America, with its principal location at 1800 F Street N.W., in Washington, D.C.  GSA, as successor to the Defense Plant Corporation, is liable for shipbuilding activities conducted from approximately 1915 through 1965 at the Great Lakes Engineering Works ("GLEW") shipyard, located in the Upper Turning Basin in the Ashtabula River.  Hazardous substances, including PCBs, were released into the environment at the GLEW shipyard and entered the Ashtabula River.

26.  Defendant United States Maritime Administration ("MARAD"), an agency of the United States Department of Transportation, is a federal governmental entity operating under the laws of the United States of America, with its principal location at 1200 New Jersey Avenue S.E., in Washington, D.C.  The United States Maritime Commission, a predecessor of MARAD, the United States Shipping Board, a predecessor of the Commission, and MARAD conducted shipbuilding activities from approximately 1915 through 1965 at the GLEW shipyard, located in the Upper Turning Basin in the Ashtabula River.  Hazardous substances, including PCBs, were released into the environment at the GLEW shipyard and entered the Ashtabula River.

27.  Defendant United States Department of the Navy, a military branch of the United States Department of Defense, is a federal governmental entity operating under the laws of the United States of America, with its principal location at 2000 Navy Pentagon, Washington, D.C. 20350-2000.  Ship scrapping and salvaging operations were conducted in the Ashtabula River, including the scrapping of three submarines undertaken at the direction of the United States Navy, during the period of approximately 1960 to 1971.  At least 36 other ships were scrapped in Ashtabula during the period of approximately 1959 to 1986.  Hydraulic oils drained from ships as part of the ship scrapping/salvaging process.  Hazardous substances, including PCBs, were

released into the environment at these facilities in Ashtabula, and entered the Ashtabula River.

28.    Each Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. §9601(21) and Section 311(a)(7) of the CWA, 33 U.S.C. §1321(a)(7).

## GENERAL ALLEGATIONS

29.    The Ashtabula River is a navigable waterway that flows in a northerly direction to Ashtabula Harbor on Lake Erie. The Ashtabula River watershed includes heavily industrialized areas within the City of Ashtabula, which is located in northern Ashtabula County, Ohio.

30.    Fields Brook is surface water that discharges into the Ashtabula River at a point located approximately 1.6 miles south of Lake Erie. Fields Brook and its tributaries flow over or adjacent to lands and industrial plants that, at various times, were owned or operated by several of the Defendants. Numerous industrial facilities, including chemical plants, metal recyclers, electric power plants, and other facilities that have handled hazardous substances, are located within the watershed of Fields Brook and the Ashtabula River.

31.    The Ashtabula River and Fields Brook are both "waters of the State" as defined in Ohio Rev. Code §6111.01(H) and "waters of the United States" as defined in 40 C.F.R. §230.3(s).

32.    At relevant times, numerous hazardous substances, as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and in Section 311(a) (14) of CWA, 33 U.S.C. § 1321(a) (14), including PCBs, PAHs, chlorinated benzenes, chlorinated ethenes, hexachlorobutadiene, and heavy metals, have been detected in the sediments, water, and fish of the Ashtabula River.

33.    On March 1, 1984, the Ohio Department of Health and the Ohio Environmental Protection Agency issued a health advisory recommending that people not eat fish caught in the

two-mile reach of the Ashtabula River from the Harbor area upstream to the 24th Street Bridge. The advisory specifically noted that PCBs and PAHs were among the contaminants detected in fish.

34.    As a result of the contamination found in the Ashtabula River, the United States Army Corps of Engineers discontinued dredging the sediment from the Ashtabula River and Harbor and the open lake disposal of that sediment in Lake Erie.  Over time, the inability to dredge the river and harbor significantly impaired the navigability of the waterway.  The presence of hazardous substances in the Ashtabula River also impaired use of the river for recreational purposes, including fishing and boating.

35.    As a result of releases of hazardous substances to the Ashtabula River, natural resources of the State, including but not limited to fish, invertebrates, birds, surface water, and sediments, have been injured, and the public has suffered the loss of natural resource services, including lost recreational fishing, reduced opportunities for navigation, and passive human use losses, as a result of releases of hazardous substances to the Ashtabula River from various facilities in Ashtabula County, Ohio.  Pursuant to 43 C.F.R. Part 11, the United States Fish and Wildlife Service and the National Oceanic and Atmospheric Administration, together with Ohio EPA (collectively, the "Trustees"), initiated an assessment of injuries to natural resources resulting from the releases of hazardous substances into or within the Ashtabula River and concluded that natural resources had been injured as a result of releases of hazardous substances into the Ashtabula River.

36.    Plaintiff has incurred costs in connection with the assessment of such injuries, destruction, or losses.

## COUNT ONE

## NATURAL RESOURCE DAMAGES UNDER CERCLA

37.     Paragraphs 1 through 36 are incorporated by reference herein.

38.     Each of the industrial plants and facilities referred to in paragraphs 6 to 27 is a
"facility" within the meaning of Sections 101(9) and 107(a) of CERCLA, 42 U.S.C. §§9601(9)
and 9607(a).

39.     "Hazardous substances" within the meaning of Sections 101(14) and 107(a) of
CERCLA, 42 U.S.C. §§9601(14) and 9607(a), have been disposed at each of the facilities
referred to in paragraphs 6 to 27, above, and released into the environment at and from each of
those facilities.

40.     The releases of hazardous substances referred to in the preceding paragraph
resulted in injury to, destruction of, or loss of natural resources belonging to, managed by, held in
trust by, appertaining to, or otherwise controlled by the State, within the meaning of Sections
101(16) and 107(a) of CERCLA, 42 U.S.C. §§9601(16) and 9607(a).  As a result of the releases
of hazardous substances referred to in the preceding paragraph, the State has incurred reasonable
costs in assessing such injuries, destruction or losses.

41.     Defendants Cabot Corporation, CBS Operations Inc., The Cleveland Electric
Illuminating Company, Detrex Corporation, Elkem Metals Company L.P., GenCorp Inc.,
Mallinckrodt LLC, Millenium Inorganic Chemicals, Inc., Occidental Chemical Corporation, Olin
Corporation, RMI Titanium Company, Inc., The Sherwin-Williams Company, Union Carbide
Corporation, Consolidated Rail Corporation, Conrail, Inc., Norfolk Southern Corporation,

21

Norfolk Southern Railway Company, GSA and MARAD are all parties who owned or operated one or more of the facilities described in paragraphs 6 to 27, above, at the time that hazardous substances were disposed at such facilities or are parties who succeeded to, assumed, or are otherwise responsible for the liabilities of persons who owned or operated such facilities at the time that hazardous substances were disposed there.

42.     Pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. §9607(a)(2), each of the parties identified in the preceding paragraph is jointly and severally liable to the State for damages for injuries, destruction, or loss of natural resources resulting from releases of hazardous substances into the Ashtabula River, including injuries to any migratory birds, soils, sediments, plants, and other elements of wetlands and other habitats, and aquatic biota including fish, as well as various other animals including insects and small mammals which may be in the food chain for endangered, threatened, or other protected species, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State, as well as for the reasonable costs of assessing such injuries, destruction or loss.

43.     Defendants The Cleveland Electric Illuminating Company, Detrex Corporation, Elkem Metals Company L.P., Millennium Inorganic Chemicals, Inc., Norfolk Southern Corporation, and Norfolk Southern Railway Company are also persons who are owners or operators, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. §9607(a)(1), of one or more of the facilities described in paragraphs 6 to 27, above, or are persons who succeeded to, assumed, or are otherwise responsible for the liabilities of such persons.

44.     Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. §9607(a)(1), Defendants The Cleveland Electric Illuminating Company, Detrex Corporation, Elkem Metals Company

L.P., Millennium Inorganic Chemicals, Inc., Norfolk Southern Corporation, and Norfolk Southern Railway Company are jointly and severally liable to the State for damages for injuries, destruction, or loss of natural resources, including any migratory birds, soils, sediments, plants, and other elements of wetlands and other habitats, and aquatic biota including fish, as well as various other animals including insects and small mammals which may be in the food chain for endangered, threatened, or other protected species, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State, as well as for the reasonable costs of assessing such injuries, destruction or loss.

45.     Defendants The Cleveland Electric Illuminating Company, Ohio Power Company, DOE and the United States Navy each arranged with another party, by contract, agreement or otherwise, for disposal of hazardous substances, including PCBs, contained in electrical equipment, or arranged with a transporter to transport hazardous substances for disposal. Electrical equipment containing PCBs from The Cleveland Electric Illuminating Company and Ohio Power Company were taken to a facility operated by Acme Scrap Iron and Metal Company located at the intersection of State Road and Middle Road, 1900 to 2098 State Road, in Ashtabula, Ohio. There were releases of PCBs into the environment at and from the facility operated by Acme Scrap Iron and Metal Company. Hazardous substances associated with production at the RMI extrusion plant on behalf of DOE and ship scrapping operations conducted on behalf of the United States Navy were released into the environment.

46.     Pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. §9607(a)(3), each of the parties identified in the preceding paragraph is jointly and several liable to the State for damages for injuries, destruction, or loss of natural resources, including any migratory birds, soils,

sediments, plants, and other elements of wetlands and other habitats, and aquatic biota including fish, as well as various other animals including insects and small mammals which may be in the food chain for endangered, threatened, or other protected species, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State, as well as for the reasonable costs of assessing such injuries, destruction or loss.

47.    The State has satisfied all required conditions precedent to the initiation of this action.

## COUNT TWO

### NATURAL RESOURCE DAMAGES UNDER CWA

48.    Paragraphs 1 through 47 are incorporated by reference herein.

49.    The Ashtabula River is a navigable water of the United States.

50.    Each of the facilities described in paragraphs 6 to 27, above, is an "onshore facility" within the meaning of Section 311 of the CWA, 33 U.S.C. §1321.

51.    Hazardous substances within the meaning of Section 311 of the CWA, 33 U.S.C. §1321, have been discharged into navigable waters of the United States or adjoining shorelines from each of the facilities described in paragraphs 6 to 27, above.

52.    As a result of discharges of hazardous substances from the onshore facilities described above, the State has incurred and will continue to incur costs related to the restoration or replacement of damaged or destroyed natural resources for which the State is a trustee or co-trustee.  Such resources may include migratory birds, soils, sediments, plants, and other elements of wetlands and other habitats, and aquatic biota including fish, as well as various other animals including insects and small mammals which may be in the food chain for endangered, threatened,

24

or other protected species, and other such "natural resources" as that term is used in Section 311(f) of CWA, 33 U.S.C. § 1321(f).

53.     Defendants Cabot Corporation, CBS Operations Inc., The Cleveland Electric Illuminating Company, Detrex Corporation, Elkem Metals Company L.P., GenCorp Inc., Mallinckrodt LLC, Millennium Inorganic Chemicals, Inc., Occidental Chemical Corporation, Olin Corporation, RMI Titanium Company, Inc., The Sherwin-Williams Company, Union Carbide Corporation, Consolidated Rail Corporation, Conrail, Inc., Norfolk Southern Corporation, Norfolk Southern Railway Company, GSA and MARAD, each owned or operated one or more of the onshore facilities described in paragraphs 6 to 27, above, when hazardous substances were discharged from such facilities into navigable waters of the United States or adjoining shorelines, or succeeded to the liabilities of a person who owned or operated one or more such onshore facilities when hazardous substances were discharged from such facilities into navigable waters of the United States or adjoining shorelines.

54.     Pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f), each of the Defendants identified in the preceding paragraph is jointly and severally liable to the State for the costs incurred by the State in the restoration or replacement of natural resources at the Ashtabula River, damaged or destroyed as a result of the discharge of hazardous substances from the on-shore facilities described above, in violation of Section 311(b) of the CWA, 33 U.S.C. § 1321(b).

## COUNT THREE

### VIOLATION OF THE PUBLIC TRUST

55.     Paragraphs 1 through 54 are incorporated by reference herein.

56.     Hazardous substances have been disposed at each of the facilities referred to above, and released into the environment at and from each of those facilities.

57.     The releases of hazardous substances referred to in the preceding paragraph resulted in injury to, destruction of, or loss of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State, within the meaning of the public trust doctrine, and as a result of such releases of hazardous substances, the State has incurred reasonable costs in assessing such injuries, destruction or losses.

58.     Defendants are all parties who either owned or operated one or more of the facilities described above, at the time that hazardous substances were disposed at such facilities, or arranged with another party, by contract, agreement or otherwise, for disposal of hazardous substances at such facilities, or arranged with a transporter to transport hazardous substances for disposal at such facilities, or are parties who succeeded to the liabilities of such persons at the time that hazardous substances were disposed at such facilities.

59.     Each of the parties identified in the preceding paragraph is jointly and severally liable to the State for damages for injuries, destruction, or loss of natural resources resulting from releases of hazardous substances into the Ashtabula River, including injuries to any migratory birds, soils, sediments, plants, and other elements of wetlands and other habitats, and aquatic biota including fish, as well as various other animals including insects and small mammals which may be in the food chain for endangered, threatened, or other protected species, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State, as well as for the reasonable costs of assessing such injuries, destruction or loss.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter a judgment in favor of Plaintiff against the Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. §9607(a), for the full value of all damages for injury to, destruction of, or loss of natural resources in the lower Ashtabula River, from the Upper Turning Basin to the mouth of the River, and in Ashtabula Harbor, including all reasonable costs of assessing such injury, destruction, or loss, all costs of restoring, replacing, and/or acquiring the equivalent of those injured, destroyed, or lost natural resources and the services they provide, and all past, present, and future diminution in value of those resources pending restoration or replacement,  resulting from releases of hazardous substances into, or which have migrated into, the Ashtabula River;

B.     Enter a judgment in favor of Plaintiff against the Defendants pursuant to Section 311(f) of the CWA, 33 U.S.C. §1321(f), for the full value of all costs incurred by the Plaintiff in the restoration or replacement of natural resources damaged or destroyed as a result of discharges of hazardous substances into, or which have migrated into, the Ashtabula River, in violation of Section 311(b) of the CWA, 33 U.S.C. §1321(b);

C.     Enter a judgment in favor of Plaintiff against the Defendants pursuant to the public trust doctrine for the full value of all damages for injury to, destruction of, or loss of natural resources at the Ashtabula River, including all reasonable costs of assessing such injury, destruction, or loss, all costs of restoring, replacing, and/or acquiring the equivalent of those injured, destroyed, or lost natural resources and the services they provide, and all past, present,

and future diminution in value of those resources pending restoration or replacement, resulting from releases of hazardous substances into, or which have migrated into, the Ashtabula River;

D.   Enter a judgment in favor of Plaintiff against the Defendants for all costs of this action; and

E.   Award the Plaintiff such other and further relief as this Court may deem appropriate.

Respectfully submitted,

**MICHAEL DeWINE**
**OHIO ATTORNEY GENERAL**

**TIMOTHY J. KERN (0034629)**
Assistant Attorney General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
(614) 466-5261
Timothy.Kern@OhioAttorneyGeneral.gov

*Trial Attorney for Plaintiff State of Ohio*